1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIM MEAD,

              Plaintiff,

       v.

MICHELLE KLEPPS, *et al,*

            Defendants.

Case No.  C07-5658RBL-KLS

ORDER DIRECTING SERVICE
BY UNITED STATES
MARSHAL AND PROCEDURES

This civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B).  Plaintiff has been granted leave to proceed *in forma pauperis.*

The Clerk is directed to effect service as provided below:

(1)    <u>Service by United States Marshal.</u>

It is hereby ORDERED that the United States Marshal shall send the following to each named defendant by first class mail: a copy of the complaint (Dkt. #5) and of this Order, two copies of the Notice of Lawsuit and Request for Waiver of Service of Summons, a Waiver of service of Summons, and a return envelope, postage prepaid, addressed to the Clerk's Office.  All costs of service shall be advanced by the United States.  The Clerk shall assemble the necessary documents to effect service.

(2)    <u>Response Required</u>

Defendants shall have **thirty (30) days** within which to return the enclosed Waiver of Service of Summons.  Each defendant who timely returns the signed Waiver shall have **sixty (60) days** after the date designated on the Notice of Lawsuit to file and serve an answer or a motion directed to the complaint, as

1   permitted by Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12.

2       Any defendant who fails to timely return the signed Waiver will be personally served with a

3   summons and complaint, and may be required to pay the full costs of such service, pursuant to Fed. R.

4   Civ. P. 4(d)(2).  A defendant who has been personally served shall file an answer or motion permitted

5   under Rule 12 within **thirty (30) days** after service.

6       (3)     Filing and Service by Parties, Generally.

7       All original documents and papers submitted for consideration by the Court in this case, and a

8   duplicate of all such papers, are to be filed with the Clerk of this Court.  The originals and copies of all

9   such papers shall indicate in the upper right-hand corner the name of the Magistrate Judge to whom the

10  copies are to be delivered.  The papers shall be accompanied by proof that such documents have been

11  served upon counsel for the opposing party (or upon any party acting *pro se*).  The proof shall show the

12  day and manner of service and may be written acknowledgment of service, by certificate of a member of

13  the bar of this Court, or by affidavit of the person who served the papers.

14      (4)     Motions.

15      Any request for Court action shall be set forth in a motion, properly filed and served, pursuant to

16  the requirements of Local Rule CR 7.  If a party fails to file and serve timely opposition to a motion, the

17  Court may deem any opposition to be without merit.

18      (5)     Motions for Summary Judgment

19      If one of the parties files a motion for summary judgment pursuant to Fed. R. Civ. P. 56, the

20  opposing party should acquaint him/herself with Fed. R. Civ. P. 56.  Fed. R. Civ. P. 56 requires a

21  nonmoving party to submit affidavits or other evidence in opposition to a motion for summary judgment

22  if the moving party has shown the absence of issues of material fact and an entitlement to judgment as a

23  matter of law.  A nonmoving party may not rest upon the mere allegations or denials of prior pleadings.

24  Rather, successful opposition to a motion for summary judgment requires the nonmoving party to set

25  forth, through affidavits or other evidence, specific facts showing a genuine issue for trial.  Failure by the

26  nonmoving party to oppose a summary judgment motion or to present counter evidence could result in the

27  Court accepting the moving party's evidence as the truth, and entering final judgment in favor of the

28  moving party without a full trial.  Rand v. Rowland, 113 F.3d 1520 (9th Cir. 1997).

1      (6)    <u>Direct Communications with District Judge or Magistrate Judge</u>

2      No direct communication is to take place with the District Judge or Magistrate Judge with regard

3  to this case.  All relevant information and papers are to be directed to the Clerk.

4      (7)    <u>Clerk's Action</u>

5      The Clerk is directed to send a copy of this Order and of the General Order issued by the

6  Magistrate Judges to plaintiff and to defendants and defendants' counsel, if any.

7      DATED this 27th day of February, 2008.

8

9

10

11                                              Karen L. Strombom
                                                United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER
Page - 3