UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIM MEAD,

    Plaintiff,

v.

MICHELLE KLEPPS, *et al*,

    Defendants.

Case No. C07-5658RBL-KLS

REPORT AND RECOMMENDATION

Noted for August 22, 2008

This matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Rules MJR 1, MJR 3, and MJR 4. This matter comes before the Court on defendant's motion to dismiss for failure to exhaust administrative remedies. (Dkt. #17). Having reviewed plaintiff's motion and the remaining record, the undersigned submits the following report and recommendation for the Honorable Ronald B. Leighton's review.

FACTUAL AND PROCEDURAL BACKGROUND

On November 23, 2007, plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, in which he alleges the actions of defendants caused him to contract Methicillin-resistant Staphylococcus aureus ("MRSA"). (Dkt. #5). He requests relief in the form of compensatory and punitive damages. On May 16, 2008, defendants, except for defendants Sandra Carter and Michael Hopkins, filed their motion

REPORT AND RECOMMENDATION
Page - 1

to dismiss plaintiff's complaint for failure to exhaust his administrative remedies.[1]

In their motion to dismiss, defendants argue the complaint should be dismissed on the basis that plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e). "[T]he PLRA does not impose a pleading requirement" on plaintiff, but rather "creates a defense," with respect to which "defendants have the burden of raising and proving the absence of exhaustion." Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because "[t]he failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement," it "is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment." Id.; see also Ritza v. International longshoremen's and Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (while no defense described in Fed. R. Div. P. 12(b)(1) through (7) encompasses failure to exhaust, federal courts traditionally have entertained certain pre-answer motions not expressly provided for by rule, and authority to hear such motions lies in federal court's inherent power to regulate actions pending before it). As such, a motion to dismiss under Fed. R. Civ. P. 12(b) is proper here.

## DISCUSSION

### I.     Standard of Review and Opportunity to Develop the Record

The PLRA provides that "[n]o action shall be brought with respect to prison conditions" under 42 U.S.C. § 1983 by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. Since passage of this section of the PLRA, "[e]xhaustion is no longer left to the discretion of the district court, but is mandatory." Woodford v. Ngo, 548 U.S. 81, 85 (2006) (finding prisoners now must exhaust all available remedies); see also Porter v. Nussle, 534 U.S. 516, 524 (2002) ("[E]xhaustion in cases covered by § 1997e(a) is now mandatory."). "Even when the prisoner seeks relief not available in grievance proceedings," furthermore, "exhaustion is a prerequisite" to filing a civil rights action in federal court. Porter, 534 U.S. at 524.

---

[1] Defendants state that neither defendant Carter nor defendant Hopkins have been properly served – and thus have not been made parties to this action – and so do not join in the motion to dismiss. On March 24, 2008, and March 27, 2008, return of service on defendant Carter and defendant Hopkins respectively came back unexecuted. (Dkt. #8-#9). On April 2, 2008, a notice of appearance was filed on behalf of both defendants, without waiving objection as to the sufficiency of service of process. (Dkt. #10). On April 30, 2008, the Court re-ordered service on defendants Carter and Hopkins, after having received new service forms from plaintiff containing updated addresses therefor. (Dkt. #16). To date, though, no return of service for them has been received. As such, it does not appear either defendant has been properly served. Nevertheless, the Court agrees with defendants that because, as explained below, it is clear plaintiff has not exhausted his administrative remedies regarding the claims in his complaint, he may not proceed against any of the named defendants, and thus that this entire action should be dismissed without prejudice.

Failure to exhaustion such administrative remedies, therefore, requires dismissal of the underlying complaint without prejudice under 42 U.S.C. § 1997e(a). McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); Wyatt, 315 F.3d at 1120 (if district court concludes that prisoner has not exhausted nonjudicial remedies, proper remedy is dismissal of claim without prejudice); see also Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) (suit filed by prisoner before administrative remedies have been exhausted must be dismissed; district court lacks discretion to resolve claim on merits, even if prisoner exhausts intra-prison remedies before judgment).

In deciding whether to grant a motion to dismiss for a failure to exhaust administrative remedies, furthermore, the Court "may look beyond the pleadings and decide disputed issues of fact." Wyatt, 315 F.3d at 1119-20; see also Ritza, 837 F.2d at 369 (district court has broad discretion as to method used in resolving factual disputes arising in connection with jurisdictional or related types of motions, such as matters in abatement; no presumptive truthfulness attaches to plaintiff's allegations, and existence of disputed material facts will not preclude district court from evaluating for itself claims' merits). If the Court does look beyond the pleadings "to a factual record in deciding the motion to dismiss for failure to exhaust," it "must assure" plaintiff "has fair notice of his opportunity to develop a record." Wyatt, 315 F.3d at 1120 n. 14. The undersigned finds plaintiff has had such notice.[2]

In support of their motion, defendants present the declaration of Devon Schrum, who has been the Washington State Department of Corrections ("DOC") Grievance Program Manager since April 2006. (Dkt. #17-2, p. 1). Under the DOC's Offender Grievance Program ("OGP"), which has been in existence since the early 1980's, inmates may file grievances over a wide range of aspects of their imprisonment, including the application of DOC policies, rules and procedures, the lack thereof that directly affects the inmates' living conditions, and the actions of staff. Id. at pp. 1-2. The OGP also provides a wide range of remedies, including administrative actions, agreement by DOC officials to remedy objectionable conditions in a reasonable period of time, and changes in policy or procedure. Id. at p. 2.

There are four levels of review under the OGP. At Level 0, the complaint or informal level:

The grievance coordinator at the prison receives a written complaint from an offender

---

[2] Although plaintiff has not filed any response to defendants' motion, there is no indication in the record that he did not receive that motion. Nor, for that matter, has petitioner voiced any objection or concern that he has not been provided with a fair opportunity to respond thereto or to develop the record here.

REPORT AND RECOMMENDATION
Page - 3

> on an issue about which the offender wishes to pursue a formal grievance. At this complaint level, the grievance coordinator pursues informal resolution, returns the complaint to the offender for rewriting, returns the complaint to the offender requesting additional information, or accepts the complaint and processes it as a formal grievance.

Id. "Routine and emergency complaints accepted as formal grievances begin at Level I," where again the "local [prison] grievance coordinator is the respondent." Id. Inmates then may appeal Level I grievances to Level II, where the prison superintendent is the respondent. Id. Staff conduct grievances are initiated at Level II as well. Id. All Level II responses, except for emergency grievances, may be appealed to DOC headquarters. Id. at p. 3.

Ms. Schrum further states that "[t]he DOC's grievance system is well known to inmates," and that plaintiff's complaints about prison "staff failing to prevent him from contracting MRSA is a grievable issue under [the] DOC's grievance system." Id. According to Ms. Schrum, plaintiff did file a grievance against "CBCC [Clallm Bay Corrections Center] staff for causing him to contract MRSA." Id. at p. 3 and Attachment B, pp. 1-2. While plaintiff appealed his grievance at Level I and Level II, "he did not appeal" it "to the highest level, level III." Id. at p. 3 and Attachment B, pp. 3-5.

On January 17, 2007, Ms. Schrum informed plaintiff in writing "that his grievance appeals had to be filed with the grievance coordinator of the institution where his grievance arose, CBCC." Id. at p. 3 and Attachment B, p. 6. On November 26, 2007, Ms. Schrum further advised plaintiff in writing "that he was required to file his level III grievance appeal with the CBCC grievance coordinator, that he had not filed such an appeal, and that he had therefore not exhausted his administrative remedies under DOC's grievance system." Id. at pp. 3-4 and Attachment B, pp. 7-9.

Accordingly, the evidence shows plaintiff did not appeal his grievance through all available levels of review, and thus did not fully exhaust his administrative remedies. Plaintiff has provided no evidence to the contrary. Defendants motion to dismiss, therefore, should be granted as to all defendants.

## CONCLUSION

For the aforementioned reasons, the undersigned recommends that the Court grant petitioner's motion to dismiss plaintiff's complaint. (Dkt. #5). As discussed above, plaintiff has failed to exhaust all available administrative remedies concerning the claims raised therein, and thus his complaint should be dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedures, the

parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **August 22, 2008**, as noted in the caption.

DATED this 24th day of July, 2008.

Karen L. Strombom
United States Magistrate Judge